IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR HAKIM MCCAIN, | : | CIVIL ACTION |
| AKA JOHN MCCAIN | : | |
| v. | : | |
| FRANKLIN J. TENNIS, et al. | : | NO. 08-cv-1530 |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from such state custody on the grounds that his rights guaranteed by the United States Constitution[1] have been violated by the imposition or execution of a state sentence. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

Petitioner in the instant matter, who is in state custody, seeks relief pursuant to AEDPA (more specifically, he seeks relief pursuant to 28 U.S.C. §2254). By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking

---

[1]For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks on federal or state custody based on alleged violations of the U.S. Constitution, but also to attacks on such custody based on any asserted federal collateral grounds, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court.

1

the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254.  One such intentionally restrictive gate-keeping condition is AEDPA's ***strict and short statute of limitations***, created by 28 U.S.C. §2244(d).  Another intentionally restrictive gate-keeping condition is AEDPA's so-called ***"second or successive rule"***, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a §2254 habeas if that litigant had at least one previous §2254 habeas that was "dismissed after adjudication of the merits of the claims presented,"[2] which means **either:**

   I.    a dismissal after a consideration on the merits;[3] **or,**

   II.   a dismissal on the grounds of the statute of limitations;[4] **or,**

   III.  a dismissal on grounds of procedural default.[5]

In the instant situation, there was a previous 28 U.S.C. §2254 petition filed by petitioner (namely 03-cv-5085), which attacked the same conviction and/or sentence attacked in 08-cv-1530, and which was dismissed partially on merits grounds and partially on grounds of claims being procedurally defaulted.  In total this review serves

---

[2] Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[3] Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999).

[4] Duncan v. Walker, 533 U.S. 167 (2001).

[5] In re Cook, 215 F.3d 606 (6th Cir. 2000).  (A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing.  This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts.  Slack v. McDaniel, 529 U.S. 473 (2000)).

as an adjudication on the merits of the claims presented.  Additionally, petitioner has another previous habeas, specifically 07-cv-0616, which also attacked the same conviction or sentence, and which was dismissed as having triggered the second or successive rule.

AEDPA provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks subject matter jurisdiction to consider such a habeas petition.[6]  The strict requirements annunciated in AEDPA's second or successive rule were intentionally enacted in order to support the Congressional policy of creating finality with respect to state and federal criminal prosecutions that involve federal constitutional issues.[7]

Accordingly, this                           Day of April, 2008, it is hereby **ORDERED** as follows:

1. Leave is granted Petitioner to proceed *in forma pauperis*, for the purpose of all proceedings in this court, and also for purpose of the filing of a notice of appeal.

2. This civil action is **DISMISSED WITHOUT PREJUDICE** on the grounds that this court lacks subject matter jurisdiction over it.

3. The Clerk of the United States District Court for the Eastern District of

---

[6] Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[7] Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

                **s/ BERLE M. SCHILLER**
                **BERLE M. SCHILLER, U.S. District Judge**